MARTIN, BRADLEY, & CO. v. SEARCY.

1. Where a lessee purchases the fee, and obtains a conveyance which is silent as to the rent, it operates as an extinguishment of the rent for the remainder of the term.
2. And the case is the same, where the vendor had himself, pending the lease, purchased of the lessor, who was the original owner, the fee; and with it a note given by the lessee for the rent, and afterwards sold the fee to the lessee.

ASSUMPSIT in Madison County Court, by Jesse Searcy against Martin, Bradley. & Co: The action was to recover a balance claimed on a written agreement, made by the defendants, Martin, Bradley, & Co., on the 14th May, 1825, by which they promised to pay to one G. D Taylor $450, for the rent of a store house occupied by them, for twelve months, to commence on the 8th of July next after the date. The instrument was assigned by Taylor to Searcy. The defendants pleaded the general issue, and also a special plea, setting forth that during the pendency of the lease, on the 24th of April, 1826, they purchased the store house of Searcy, who had previously purchased the premises of Taylor; and that Searcy had executed his deed of conveyance to them, which was exhibited in the plea, bearing the last mentioned date, and in which nothing was said about the rent; and they averred further,

that on the 8th of July, 1826, when the rent became due, they did pay to the plaintiff $357, being the rateable proportion of rent due up to the time of the conveyance to them; insisting that no more was due from them. To this plea, the plaintiff demurred. At August term, 1828, the County Court sustained the demurrer, and a verdict was found for $101 70, for the plaintiff, for which the Court rendered judgment.

The sustaining the demurrer, is the error assigned by Martin, Bradley, & Co., who appealed to this Court.

THORNTON, for the plaintiff in error. The plea was good. The question raised by it, is, if when a lessor, by absolute deed of conveyance, sell the premises in fee to the lessee, the rent due for the unexpired remainder of the term be not thereby extinguished? On the sale from Taylor to Searcy, the appellants became the tenants of Searcy, and liable to pay the rent to him, and to him only, after notice of the grant, unless in the deed from Taylor, the rent was expressly reserved; for rent passes by the grant of the reversion impliedly. [a] When Searcy sold to the appellants, he was owner of the fee, and of the rent; which makes the case precisely the same as if Taylor at the same time had sold to them directly. Such sale would extinguish the rent due from the lessee. [b] It is certain that the grant of the remainder or reversion to a stranger would pass the rent; [c] a fortiori should it be lost when the grant is to the lessee. The consideration of rent is protection in the enjoyment of the land. It surely cannot be just that one should pay for the enjoyment of his own property.

It is objected that this doctrine might be injurious in this way, that the lessor might sell the note for the rent, and afterwards convey the premises to the lessee, and that thereby, the assignee, not knowing the consideration, might be injured. In this case, the note is the lease, and shews the consideration for which it was given; but if it did not, it would rest exactly on the same footing as any other note, so far as third persons are concerned. By our statute of assignments, the maker has the benefit of all payments, &c. made before notice of the assignment. Now if the purchaser of the note for rent should give notice of the assignment to the tenant, he could no more extinguish the debt by purchasing the fee, than by paying it to the lessor. If he had notice of the transfer, he should

JULY 1830.

Martin, Bradley & Co.
v.
Searcy.

a Coke Litt. 317 a. Noy 14.

b Gilbert on rents 173 183 184.
c Doug. 281, 282. Laws of Ala. 238, Sec. 18.

JULY 1830.      purchase the fee for so much less, as the rent should
                amount to. *a*

Martin, Brad-
ley & Co.
    v.          McClung, for the appellee.
Searcy.

1 Marsh. 574.       By JUDGE WHITE.  The question plainly raised
2 Blk. com.     by the state of the record is, whether, when the tenant
176—7—8.        has obtained the fee by absolute conveyance, before the
                termination of the lease, it does not operate an extinguish-
                ment of the rent for the remainder of the term?  If a
                lease be made reserving rent, and the lessor grant the re-
                version to another, the rent passes to the grantee, although
                no mention be made of it in the deed, rent being incident
*b* Noy's Max.  to the reversion.*b*    Then according to this principle,
14, Pa. 18.     when Taylor conveyed the land to Searcy in fee, making
Co.Lit.317 a.   no reservation of rent, he conveyed the latter as incident
                to the former, and Searcy was the legal owner of both the
                fee-simple and the rent    In this state of things, had the
                tenant paid the rent subsequently accruing to Taylor, he
                would have been still liable to Searcy, unless the payment
                had been made without notice of the conveyance.    In that
                event, he would have been protected by the proviso of our
                statute, made to do away the old doctrine of attornment,
*c* Laws of Ala. and which is almost an exact copy of that of 4 Anne. *c*
238.            But Searcy, before the expiration of the year, conveyed
                the fee to the tenants.    They then, by the effect of the
                same principle, became entitled to the rent for the remain-
                der of the term.    And unless we could suppose the ab-
                surdity of a man being bound to himself, that portion of
                the rent was, by this last conveyance, completely extin-
*d* Gilbert on  guished. *d*    This is certainly the general doctrine, nor do
Rents 183–4.    we see that its application to the case before us, is rendered
                at all doubtful, by the apprehension of injury accruing
                from its establishment, to persons who might trade for
                notes given for rent without notice of the conveyance of
                the fee to the tenant.    In the first place, the instrument
                here sued on bore on its own face evidence of its being
                a lease, which was sufficient to put assignees on the in-
                quiry; and again, Searcy was the holder of this instru-
                ment at the very time he made the conveyance, without
                any reservation as to the residue of the rent, and being
                chargeable with a knowledge of the legal effect of his own
                acts upon his own rights, should not complain.    Then,
                whatever may be the situation of the assignee of a note giv-
                en for rent, without notice, which it will be time enough

to determine when the question arises, the defendant in error occupies a different situation, and is clearly subject to the operation of the ordinary principle. The judgment must be reversed, and if desired, the cause may be remanded.            Reversed and remanded.

JUDGE TAYLOR, had been of counsel below and did not sit.